Carroll,    }
March 7, 1902. }

## JOHNSON *v.* LANG.

Where tools of a debtor's occupation are attached on mesne process, the owner may maintain trover against the officer without first specifically claiming an exemption.

The waiver which may be implied from a failure of the owner of attached property to assert a claim of exemption, at the suggestion of the officer, is revoked by a subsequent demand before the rights of third parties have intervened.

TROVER, for a wagon, a tool of the plaintiff's occupation, attached by the defendant, a constable, upon a writ against the plaintiff in favor of one Churchill. Facts found by a referee, and case transferred from the October term, 1901, of the superior court by *Pike*, J.

At the time of the attachment the plaintiff objected to it on the ground that the defendant had no right to interfere with the United States mail. Shortly after the attachment and prior to the sale, the defendant and Churchill's attorney at different times told the plaintiff that he could take the wagon if he claimed it as being exempt from attachment. At none of these times did the plaintiff take the wagon. Afterward and prior to the execution sale, and also prior to the service of the writ in this action, the plaintiff made a demand upon the defendant for the wagon.

Upon a recommitment of the report, the referee found that the acts and words of the plaintiff constituted a waiver of the right of exemption; and upon a further recommitment to determine upon what evidence the finding of waiver was based, the referee reported in substance as follows: The plaintiff waived his right of exemption by not taking the wagon when he was repeatedly told by Lang, Churchill, and Foote that he could take it if he claimed it as exempt from attachment. He was urged by Foote to take it if he so claimed it. He made no direct, specific waiver in words.

The defendant proceeded with the attachment, sold the property, and satisfied the execution with the wagon and other property. The plaintiff's demand was before the return day of the justice writ. The referee found the value of the wagon to be twelve dollars. Both parties moved for judgment on the report.

If upon the foregoing facts the plaintiff is entitled to recover, he should have judgment for twelve dollars and costs; otherwise there should be judgment for the defendant for costs.

*Leslie P. Snow*, for the plaintiff.

*Arthur L. Foote*, for the defendant.

Remick, J.   It is found as a fact that the wagon in question was a tool of the plaintiff's occupation.   *Hall* v. *Nelson,* 59 N. H. 573.   It was therefore exempt (P. S., *c.* 220, *s.* 2, *cl.* IX), and the attachment was unlawful.   Under these circumstances the plaintiff was not bound, even at the defendant's suggestion, to go and take the wagon or lose his remedy.   Nor was he bound at once to ascertain and specifically define and demand his rights, on pain of forfeiture.

The case is not like those where the exemption was an alternative one, and where, from the circumstances, a duty of election or selection rested upon the debtor (*Buzzell* v. *Hardy,* 58 N. H. 331, 332; *Clapp* v. *Thomas,* 5 Allen 158); but rather like those where, having no duty to perform, the debtor merely leaves the officer to act upon his own responsibility.   *Woods* v. *Keyes,* 14 Allen 236; *Dow* v. *Cheney,* 103 Mass. 181, 184.

If the plaintiff's mere non-action when told that he could take the wagon " if he claimed it as exempt from attachment " were sufficient, standing alone, to warrant a finding of waiver, his subsequent action in demanding the wagon, before any sale and even before the return of the writ upon which it was attached, positively forbids such a finding.

If waiver of the exemption and consent to the attachment could be implied from such mere non-action, being without consideration and no prejudice appearing, such waiver and consent were revoked by the subsequent demand.   *Rice* v. *Chase,* 9 N. H. 178; *White* v. *Phelps,* 12 N. H. 382; *Carpenter* v. *Cummings,* 40 N. H. 158, 169; *Stone* v. *Sleeper,* 59 N. H. 205, 206; *Gould* v. *Blodgett,* 61 N. H. 115, 120; 12 Am. & Eng. Enc. Law 197, 198.

There should therefore be judgment for the plaintiff, in accordance with the finding of the superior court, for twelve dollars and costs.

*Case discharged.*

All concurred.